

| | |
|---|---|
| **Jeffrey P. Justman**<br>Partner<br>jeff.justman@faegredrinker.com<br>+1 612 766 7133 direct | **Faegre Drinker Biddle & Reath** LLP<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, Minnesota 55402<br>+1 612 766 7000 main<br>+1 612 766 1600 fax |

faegredrinker.com

December 5, 2024

The Honorable John R. Tunheim
United States District Court
District of Minnesota
300 South Fourth Street, Courtroom 14E
Minneapolis, MN 55415

**Re:** *Okash v. Essentia Health*, **No. 0:23-cv-00482-JRT-LIB**
**Response to Plaintiff's Notice of Supplemental Authority**

Dear Judge Tunheim:

The Court is scheduled to hear oral argument on Essentia's partial motion to dismiss Plaintiff's second amended complaint next Wednesday, December 11, 2024, at the Duluth courthouse. In advance of argument, Essentia submits this short response to Plaintiff's notice of supplemental authority, Dkt. 67.

In the notice, Plaintiff cites to four decisions that purportedly support his argument that the "crime-tort carveout" applies to the website "interceptions" alleged here, and that Plaintiff's Wiretap Act claims should accordingly be allowed to proceed to discovery. *See Cooper v. Mount Sinai Health Sys., Inc.*, 2024 WL 3586357 (S.D.N.Y. July 30, 2024); *Kurowski v. Rush Sys. for Health*, 2024 WL 3455020 (N.D. Ill. July 18, 2024) ("*Kurowski IV*"); *Smith v. Loyola Univ. Med. Ctr.*, 2024 WL 3338941 (N.D. Ill. July 9, 2024); *Brahm v. Hospital Sisters Health Sys.*, 2024 WL 3226135 (W.D. Wis. June 28, 2024).

The complaints in those cases are readily distinguishable from this complaint, however, because each alleged that the defendant-healthcare provider installed the Pixel **on its patient portal**, and that the plaintiff **used** that portal to share sensitive information with the defendant. That allegation, in turn, made it plausible that the defendant had intercepted the plaintiff's website communications with the contemporaneous purpose of committing an independent crime or tort, *i.e.*, to violate HIPAA. *See* Dkt. 66 at 6 n.3 (addressing *Kurowski IV* in reply and distinguishing it on this ground); *Cooper*, 2024 WL 3586357, at *1, 3-4, 7-8 (Pixel installed on "patients'

Hon. John R. Tunheim     - 2 -                              December 5, 2024

'MyChart' portal," and plaintiffs "use[d] [that] patient portal to schedule appointments" and "disclose[] . . . information about [their] specific medical conditions"); *Smith*, 2024 WL 3338941, at *1-2, 6-7 (Pixel disclosed information about plaintiffs' "surgical appointment[s]" and "test results and prescriptions"); *Brahm*, 2024 WL 3226135, at *1-2, 5-6 (Pixel installed on "patient portal" and plaintiffs "provided personal identifying and health care information," including "queries related to fertility treatments").

The second amended complaint here, by contrast, does **not** allege that Essentia installed the Pixel on its patient portal, *i.e.*, the portion of Essentia's website housing HIPAA-protected information. *See* Dkt. 56 at 29; Dkt. 66 at 17. Plaintiff expressly **disclaimed** that allegation at the prior hearing, and the Court's prior order correctly notes that "Essentia does not use the Pixel on MyChart." *Okash v. Essentia Health*, 2024 WL 1285779, at *2 (D. Minn. Mar. 26, 2024). All the complaint alleges is that Essentia installed the Pixel on its public website, and that Plaintiff searched that website for information about symptoms and doctors that anyone—regardless of patient status—could search for. *See* Dkt. 56 at 7-9, 20-22; Dkt. 66 at 8-9, 13-15. That is not enough to plausibly state a Wiretapping Act claim under the crime-tort carveout. *See Okash*, 2024 WL 1285779, at *4-5; Dkt. 56 at 13-19 (collecting cases); Dkt. 66 at 3-10 (same).

In addition, none of the four decisions fully address the "independence" and "contemporaneous" arguments Essentia asserts here, nor do they acknowledge *American Hosp. Ass'n v. Becerra*, 2024 WL 3075865 (N.D. Tex. June 20, 2024), which vacated the HIPAA guidance on which all these Pixel complaints are based. *See* Dkt. 56 at 15-19; Dkt. 66 at 7-10. And to the extent the decisions address "independence," they appear to rest on the misapprehension that HIPAA's prohibitions are independent from the Pixel's alleged "interception" of the information. *See, e.g.*, *Brahm*, 2024 WL 3226135, at *6 (citing the defendant's alleged "use of patient data for advertising" as a "wrongful and tortious act[]" under HIPAA). As Essentia has explained, that is incorrect: outside limited circumstances not applicable here, HIPAA only bars providers from *disclosing* patient information. *See* Dkt. 66 at 8 n.5. The alleged HIPAA-violating disclosure here is synonymous with the interception itself, *i.e.*, the installation of the Pixel *is* the alleged wrongful disclosure, and so the independence requirement is not met and the crime-tort carveout does not apply. Indeed, this Court already ruled as much in its prior order. *See Okash*, 2024 WL 1285779, at *4-5. Nothing in Plaintiff's supplemental authority suggests the Court should reverse itself on this point.

Hon. John R. Tunheim — - 3 - — December 5, 2024

      We look forward to addressing these issues and anything else the Court would like to address at the December 11 argument in Duluth.

Very truly yours,

Jeffrey P. Justman

DMS_US.365637423