UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Okash, individually, and on behalf of those similarly situated,<br>    Plaintiff,<br>   v.<br>Essentia Health,<br>    Defendant. | Case No. 0:23-cv-00482-JRT-LIB<br><br>RULE 26(F) REPORT |

The parties/counsel identified below conferred as required by the Court's Pretrial Scheduling Notice and Order (ECF No. 74), Fed. R. Civ. P. 26(f), and the Local Rules, on March 24 and April 7, 2025, and prepared the following report. Pursuant to the Court's Pretrial Scheduling Notice and Order, the parties do not anticipate convening for an initial pretrial conference with the Court but remain amenable to doing so should the Court so order.

**(a)** *Description of the Case*

(1) **Concise factual summary of plaintiff's claims:**

Plaintiff Michael Okash and the proposed Class Members allege that Defendant Essentia Health violated statutory and common law, and the privacy expectations of patients, by placing hidden tracking pixels on its website. Thousands of patients and prospective patients used Defendant's website to, among other things, search for medical providers and treatment locations, and medical conditions, and make appointments, among other things. Defendant secretly embedded the Meta Pixel to intercept and unlawfully disclose Plaintiff's and the Class Members' personally identifiable and protected health information, surreptitiously transmitting the contents of Plaintiff's and the Class Members'

1

communications to Meta through the Meta Pixel for commercial purposes. As a result, when Plaintiff entered information on the website, that information was secretly transmitted to Meta without Plaintiff's authorization or consent. Unbeknownst to Plaintiff, Defendant profited from the sale and sharing of his data, including medical information.

This unlawfully conveyed, private information was also tied to the patients. If a patient was a Facebook user, the information was tied specifically to them in order to send targeted advertisements related to their medical conditions. If a patient was not a Facebook user, Meta created a unique profile for them in order connect them to targeted ads.

Plaintiff and the Class Members have suffered injury as a result of Defendant's misconduct, which includes invasion of privacy, loss of the benefit of the bargain, diminution or deprivation of value of their sensitive information, statutory damage, and the continued and ongoing risk of exposure of Plaintiff's and the Class Members' sensitive information. In Plaintiff's Second Amended Complaint, filed on April 19, 2024 (ECF No. 51), Plaintiff asserted claims for violations of the federal Electronic Communications Act, 18 U.S.C. § 2511 and Minnesota Protection of Communications Act, Minn. Stat. § 626A.02 (collectively "Wiretap Statutes"), the Minnesota Consumer Fraud Act, Minn. Stat. § 325F.69 *et seq.*, the Minnesota Uniform Deceptive Trade Practices Act, § 325D.43-48, the Minnesota Health Records Act, Minn. Stat. §§ 144.291 and 144.293, and a claim for unjust enrichment. Defendant moved to dismiss the Second Amended Complaint, (ECF No. 54), and the Court granted the motion as to Plaintiff's claims under the Wiretap Statutes. (ECF No. 73). The Court denied the motion to dismiss as to all other claims. Plaintiff proceeds with live claims under the Minnesota Unfair and Deceptive Trade Practices Act, Minnesota Health Records

Act, Minnesota Consumer Fraud Act, and for unjust enrichment.

(2) **Concise factual summary of defendant's claims/defenses:**

Plaintiff claims that Essentia violated his privacy rights because Essentia previously used a ubiquitous internet technology—the Meta Pixel ("Pixel")—on its public website. According to Plaintiff, when it was in use, the Pixel may have sent data to Meta showing what public webpages Plaintiff visited at Essentiahealth.org.

Plaintiff does not allege that Essentia ever used the Pixel on the MyChart Patient Portal—the portion of its website where confidential patient communications and information are stored. Indeed, Plaintiff has admitted that the Pixel was not on MyChart. *See* ECF No. 73 at 4 & 9. Plaintiff also does not allege that the Pixel (or any data that the Pixel may have transmitted) injured him in any specific, tangible way.

Nonetheless, Plaintiff seeks to certify a nationwide class consisting of all persons who ever visited Essentia's public website while the Pixel was in use. He asserts statutory claims under the Minnesota Health Records Act (MHRA), the Minnesota Consumer Fraud Act (MCFA), and the Minnesota Uniform Deceptive Trade Practices Act (MUDTPA), as well as a common-law claim for unjust enrichment. Were he to prevail on the merits, Plaintiff's recovery would be limited to actual damages, injunctive relief, and, if makes an additional specific showing, potentially attorneys' fees. (Plaintiff previously asserted statutory claims under the federal and Minnesota Wiretap Act seeking statutory damages, but the District Court recently dismissed those claims with prejudice. *See* ECF No. 73.)

For at least three reasons, Essentia will prevail on the merits at summary judgment and Plaintiff will not be able to certify a class.

3

*First*, Essentia did not violate the law. Essentia did not violate the MHRA because the Pixel was never installed on the Patient Portal and thus never disclosed any of Plaintiff's "patient" "health records" to Meta. Essentia did not violate either the MUDTPA or the MCFA because Essentia did not hide its use of the Pixel from Plaintiff or otherwise deceive him. On the contrary, Essentia disclosed its use of the Pixel in its Privacy Policy, and Plaintiff could have opted out of sharing data at any time. And because Essentia did not profit off Plaintiff's use of its free public website, Essentia was not "unjustly enriched."

*Second*, Plaintiff is not entitled to any remedy. He suffered no actual damages and so cannot recover anything under the MHRA or MCFA other than potentially his attorneys' fees. Further, because Essentia removed the Pixel from its website years ago, there is no justification for pursuing injunctive relief.

*Third*, Plaintiff will be unable to certify a class under Rule 23. Plaintiff's class cannot be ascertained through objective records because no one knows who has visited Essentia's public website. And without statutory damages to bind the class together, individual issues will predominate over common issues regarding consent, causation, and injury. Indeed, the Eighth Circuit regularly declines to certify vague "consumer fraud" damages class actions exactly like that alleged here. *See, e.g.*, *Johannessohn v. Polaris Indus. Inc.*, 9 F.4th 981, 985-88 (8th Cir. 2021) (affirming order denying certification of MCFA class); *Hudock v. LG Elec. USA, Inc.*, 12 F.4th 773, 776-77 (8th Cir. 2021) (reversing order granting certification); *In re St. Jude Medical, Inc.*, 522 F.3d 836, 838-41 (8th Cir. 2008) (same).

What's more, the one court that has considered whether to certify a broad public website Pixel class like that alleged here has denied certification. *See Doe v. MedStar Health,*

*Inc.*, 2023 WL 4931348 (Md. Cir. Ct. Mar. 10, 2023). There, the court declined to certify non-Wiretapping Act Pixel claims because it was not "administratively feasible to determine those patients who do not have a Patient Portal account and merely visited the [d]efendants' publicly available websites," and because "the use of different browsers, different settings on their browsers, or even the use of different search engines" would create individualized sets of facts for each website visitor and "would require an individualized inquiry into exactly what each patient did while visiting the Defendants' website." *Id*. at *5, 8-9. The same result will follow here.

(3)   **Statement of jurisdiction (including statutory citations):**

This Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). When the operative complaint was filed, the amount in controversy exceeded $5 million exclusive of interests and costs. At least one plaintiff and Essentia are citizens of different states. Plaintiff alleges there are more than 100 members of the putative class.

This Court has jurisdiction over Essentia because Essentia maintains its principal place of business in Minnesota, regularly conducts business in Minnesota, and has sufficient minimum contacts in Minnesota.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Essentia's principal place of business is in this District and a substantial part of the events, acts, and omissions giving rise to Plaintiffs' claims occurred in this District.

(4)   **Summary of factual stipulations or agreements:**

There are no factual stipulations or agreements at this time.

(5) **Statement of whether a jury trial has been timely demanded by any party:**

Plaintiffs, on behalf of themselves and the Class, timely demanded a trial by jury on all issues so triable. (ECF No. 51.)

(6) **Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable: The parties do not agree.**

**(b)** *Pleadings*

Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

Service of process for all currently filed complaints has been accomplished. The parties do not presently plan to amend pleadings or add additional parties to the action but reserve the right to do so within the deadlines ordered by the Court.

**(c)** *Fact Discovery*

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

(1) The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before **April 28, 2025.**

(2) The parties must commence fact discovery procedures in time to be completed by **January 30, 2026**.

(3) The parties propose that the Court limit the use and numbers of discovery procedures as follows:

6

        (A)    **25** interrogatories per side;

        (B)    **40** requests for production per side;

        (C)    **40** requests for admission per side, except with respect to authenticity; and

        (D)    **10** depositions per side, excluding experts.

(4) The parties discussed the possibility of conducting discovery in bifurcated phases first on preliminary issues that may be dispositive of class certification before conducting discovery on the merits of the alleged class claims. The parties agree that discovery should not be bifurcated.

**(d) Class Certification**

The parties recommend that the Court establish the following schedule for any motion for class certification by Plaintiffs:

(1) Plaintiffs shall file their motion by **July 10, 2026.**

(2) Defendant shall file its opposition by **September 11, 2026.**

(3) Plaintiffs shall file their reply brief in support of class certification by **November 13, 2026.**

**(e) Trial Expert Discovery**

(1) **The parties anticipate that they will require expert witnesses at the time of trial.**

    (A) Plaintiffs anticipate calling 3-4 experts in the fields of: technical analysis of Defendant's computer systems, tracking technology, and damages. Plaintiffs reserve the right to supplement this list.

    (B) Defendant anticipates calling 1-2 experts in the fields of: tracking technology and damages. Defendant reserves the right to supplement this list.

(2) **The parties propose that the Court establish the following plan for merits expert discovery:**

(A) **Initial Experts**

(i) The parties must disclose the identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion on or before **February 13, 2026**. The parties must serve the initial experts' written reports, completed in accordance with Fed. R. Civ. P. 26(a)(2)(B), on or before **February 27, 2026.**

(B) **Rebuttal Experts**

(i) The parties must disclose the identity of any experts who may testify in rebuttal to any initial expert on or before **March 20, 2026**. The parties must serve any rebuttal expert's written report, completed in accordance with Fed. R. Civ. P. 26(a)(2)(B), on or before **April 3, 2026**.

(3) All trial expert discovery must be completed by **May 1, 2026.**

**(f) Other Discovery Issues**

(1) **Protective Order.** The parties have discussed whether they believe that a protective order is necessary to govern discovery and will jointly submit a proposed protective order by **May 16, 2025.**

(2) **Discovery of Electronically Stored Information.** The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form in which it should be produced. The parties have reached the following agreements and identified the following issues: The parties will jointly submit a proposed

ESI protocol by **May 16, 2025.**

(3)   **Claims of Privilege or Protection.**  The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D), including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502.  The parties will jointly submit a proposed Rule 502(d) order by **May 16, 2025**, either as a standalone document or as incorporated into the Parties' proposed protective order.

(4)   **The parties:**

☒   agree that a party should be required to request an informal conference with the Court before filing a discovery motion;

☐   agree that a party should not be required to request an informal conference with the Court before filing a discovery motion; or

☐   do not agree whether a party should be required to request an informal conference with the Court before filing a discovery motion.

**(g)   Proposed Motion Schedule**

**The parties propose the following deadlines for filing motions:**

(1)   The parties disagree as to deadline for which motions seeking to join other parties and/or amend the pleadings must be filed:

(A)   **Plaintiff's position**: Plaintiff submits that this deadline should be October 3, 2025.  All prior amendments and motion practice were without the benefit of discovery.  Should discovery yield information that warrants amendment, Plaintiffs assert they should have a reasonable time to review

9

such discovery and make that determination.

 (B) **Defendant's position:** Defendant submits that no further amendments should be allowed without a showing of "good cause" under Federal Rule of Civil Procedure 16(b)(4). This case has been pending since February 28, 2023. Plaintiff has already filed three complaints, including two amended complaints. And Judge Tunheim has twice ruled on the legal sufficiency of Plaintiff's complaints, both times following robust briefing. *See* ECF No. 46 (dismissing Plaintiffs' Wiretapping Act and MHRA claims without prejudice), No. 73 (dismissing Plaintiffs' Wiretapping Act claims with prejudice). Plaintiff has thus already had ample opportunity to add new claims or parties to his Complaint. To ensure this case stays on track, Defendant respectfully submits that further amendment should not be permitted unless Plaintiff shows good cause to do so. *See Target Corp. v. LCH Pavement Consultants, LLC*, 960 F. Supp. 2d 999, 1006 (D. Minn. 2013) (describing "good cause" standard and noting that it is "designed to foster timely and efficient resolution of disputes").

(2) All other non-dispositive motions must be filed and served by **June 10, 2026**.

(3) All dispositive motions must be filed and served by **July 10, 2026**, and shall be briefed in accordance with the class-certification briefing schedule set forth above.

**(h)** **Trial-Ready Date**

(1) The parties propose that they meet and confer following the Court's ruling on

motions related to class certification and summary judgment and submit a proposed trial ready deadline within ten (10) days following such orders from the Court.

(2) The parties propose that the final pretrial conference be held 30 days before the trial is scheduled.

**(i)** **Insurance Carriers/Indemnitors**

**List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured:**

Plaintiffs – not applicable.
Defendant – Essentia has insurance coverage through Allied World National Assurance Company, with an aggregate limit of $10 million in coverage.

**(j)** **Settlement**

(1) The parties will discuss settlement by Plaintiffs making a written demand for settlement and Defendant making a written response/offer to Plaintiffs' demand.

(2) The parties propose that a settlement conference or mediation be scheduled to take place before **September 5, 2025**.

(3) **The parties have discussed whether alternative dispute resolution will be helpful to the resolution of this case and recommend the following:** The parties believe that alternative dispute resolution will be helpful and will meet and confer on the appointment of a mediator.

**(k)** **Trial by Magistrate Judge**

The parties have not agreed to consent to jurisdiction by the Magistrate Judge under

11

28 U.S.C. § 636(c).

**(l)      Limits on Time Allowed for Presenting Evidence at Trial**

The parties have not agreed to limit the time allowed for presenting evidence at trial.

                                        Respectfully submitted,

Dated: April 7, 2025                    */s/ Brian C. Gudmundson*
                                        Brian C. Gudmundson, (#336695)
                                        Michael J. Laird, (#398436)
                                        Rachel K. Tack, (#399529)
                                        **ZIMMERMAN REED LLP**
                                        1100 IDS Center
                                        80 South 8th Street
                                        Minneapolis, MN  55402
                                        Telephone: (612) 341-0400
                                        brian.gudmundson@zimmreed.com
                                        michael.laird@zimmreed.com
                                        rachel.tack@zimmreed.com

                                        Hart L. Robinovitch, (#240515)
                                        **ZIMMERMAN REED LLP**
                                        14648 N. Scottsdale Rd., Suite 130
                                        Scottsdale, AZ  85254
                                        Telephone: (480) 348-6400
                                        hart.robinovitch@zimmreed.com

                                        Nathan D. Prosser, (#0329745)
                                        Anne T. Regan, (#0333852)
                                        **HELLMUTH & JOHNSON PLLC**
                                        8050 West 78th Street
                                        Edina, MN 55439
                                        Telephone: (952) 522-4291
                                        nprosser@hjlawfirm.com
                                        aregan@hjlawfirm.com

                                        Daniel E. Gustafson, (#202241)
                                        Karla M. Gluek, (#238399)
                                        David A. Goodwin, (#386715)
                                        Anthony J. Stauber, (#401093)
                                        **GUSTAFSON GLUEK PLLC**
                                        Canadian Pacific Plaza
                                        120 South 6th Street, Suite 2600

        Minneapolis, MN 55402
        Telephone: (612) 333-8844
        dgustafson@gustafsongluek.com
        kgluek@gustafsongluek.com
        dgoodwin@gustafsongluek.com
        tstauber@gustafsongluek.com

        ***Attorneys for Plaintiff***

Date: April 7, 2025         /s/ *Jeffrey P. Justman (with permission)*
        Jeffrey P. Justman (#390413)
        Anderson C. Tuggle (#0400277)
        Andrew Taylor (#0504170)
        **FAEGRE DRINKER BIDDLE & REATH**
        90 South Seventh Street, Suite 2200
        Minneapolis, MN 55402
        Telephone: (612) 766-7000
        jeff.justman@faegredrinker.com
        anderson.tuggle@faegredrinker.com
        andrew.taylor@faegredrinker.com

        Justin O. Kay (*pro hac vice*)
        **FAEGRE DRINKER BIDDLE & REATH**
        320 South Canal Street, Suite 3300
        Chicago, IL 60606
        Telephone: (312) 569-1000
        justin.kay@faegredrinker.com

        *Attorneys for Defendant Essentia Health*